IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM DAVID EVANS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-14-576-HE |
| | ) |
| JOE M. ALLBAUGH, Interim Director, | ) |
| Oklahoma Department of Corrections, | ) |
| | ) |
| Respondent.[1] | ) |

## REPORT AND RECOMMENDATION

Petitioner, William David Evans, Jr., an Oklahoma state prisoner appearing pro se, has filed a Petition [Doc. No. 1] seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent has filed a Response [Doc. No. 7] and Petitioner has filed a Reply [Doc. No. 8]. The matter is now at issue. The matter has been referred by Chief United States District Judge Joe Heaton for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the defense of procedural bar raised by Respondent be denied. It is further recommended that consideration of the merits of Petitioner's ineffective assistance of counsel claim be deferred pending supplementation of the record and further briefing.

---

[1] Petitioner is in the custody of the Oklahoma Department of Corrections and currently incarcerated at Lawton Correctional Facility, a private prison located in Lawton, Oklahoma. The current state officer having custody of Petitioner is Joe M. Allbaugh, Interim Director of the Oklahoma Department of Corrections. Accordingly, Joe M. Allbaugh, Interim Director, is substituted as the proper respondent in this action. *See* Rule 2(a) Rules Governing Section 2254 Cases in the United States District Courts; *see also* Fed. R. Civ. P. 25. The Clerk of Court shall note the substitution on the record.

## I. Factual Background

On October 5, 2012, Petitioner entered a guilty plea to Second Degree Murder, after conviction of two or more felonies, in Case No. CF-2011-1, District Court of Logan County, State of Oklahoma. Petitioner was sentenced to forty-five years imprisonment with twenty years suspended and credit for time served. Petitioner did not move to withdraw his guilty plea or otherwise appeal his conviction.

On September 4, 2013, Petitioner filed an application for post-conviction relief. On January 14, 2014, the state district court denied relief and Petitioner appealed. *See* Logan County District Court Order [Doc. No. 7-5] and Petition in Error [Doc. No. 7-6]. On May 9, 2014, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief. *See* OCCA Order [Doc. No. 7-7].

## II. Grounds for Federal Habeas Corpus Relief

Petitioner alleges a single ground for federal habeas relief based on ineffective assistance of counsel. *See* Petition at p. 5.[2] Petitioner contends trial counsel failed to discuss with Petitioner the discovery provided by the State and Petitioner could not, therefore, discuss trial strategies with his counsel. Petitioner particularly references the fact that he was "under the influence" at the time of the incident which serves as the basis for his conviction and when he "spoke with detectives." *See* Petition, Brief/Memorandum [Doc. No. 1-2] at p. 1. He contends that trial counsel failed to pursue available defenses and, in turn, did not properly advise Petitioner with respect to entering a plea of guilty. *Id*. According to Petitioner, his counsel should have filed a motion to suppress with respect to his "conversations with the detectives"

---

[2] Citations to the parties' submissions refer to the Court's ECF pagination.

and should have notified the state district court that Petitioner would be asserting an intoxication defense. *Id*. at pp. 1-2.

Petitioner states that he requested "alternate counsel be appointed due to conflict of interest" but the state district court denied his request. *Id*. at p. 2. Petitioner further states that he tried to contact his trial counsel to notify him that he wished to withdraw his guilty plea but the attorney never answered Petitioner's collect calls or came to see him during the limited ten-day period provided under Oklahoma law for withdrawing his guilty plea. *Id*. at p. 1.

Petitioner raised the ineffective assistance of counsel claim in his application for post-conviction relief and in his appeal to the OCCA of the district court's order denying post-conviction relief. The OCCA affirmed the denial of post-conviction relief on grounds the claim was procedurally barred as a claim Petitioner could have raised on direct appeal. *See* OCCA Order [Doc. No. 7-7] at pp. 2-4. The OCCA relied on Okla. Stat. tit. 22, § 1086. *See id*. at p. 2 ("Section 1086 of the Post-Conviction Procedure Act prohibits the assertion of any ground for relief that was raised or could have been raised on direct appeal or in any other proceeding the applicant has taken to secure relief' unless there is a ground for relief asserted which for *sufficient reason* was not asserted or was inadequately raised in the prior application") (emphasis in original; internal quotations omitted).

The OCCA further found Petitioner failed to provide sufficient reason for not filing a direct appeal within the requisite ten-day period. *Id*. at pp. 2-3. The OCCA set forth Petitioner's arguments concerning why he did not raise his claims on direct appeal, including Petitioner's contention that he "wholly relied upon his appointed counsel to adequately represent him through the entire litigation proceedings all the way through its finality . . . ." *Id*. at p. 2. The OCCA further noted that Petitioner had failed to dispute the state district court's finding that

"although Petitioner had been advised of his right to appeal, he did not take steps to bring a timely appeal." *Id*. at p. 3. And the OCCA rejected Petitioner's purported reliance on his appointed counsel as constituting sufficient reason for not filing a direct appeal. *Id*. at p. 3 ("Petitioner cites no authority that the circumstances he describes provide him the 'sufficient reason' that is required by Section 1086 for bypassing the opportunity to have raised his ineffective-assistance claim through direct appeal proceedings."). The OCCA concluded that "[a] defendant can certainly waive a right of appeal without being made aware of every possible ground for an appeal that might exist." *Id*.[3]

Respondent concedes that Petitioner has exhausted his claim of ineffective assistance of counsel. *See* Response at p. 2, ¶ 5. But Respondent contends that Petitioner has not exhausted his "'cause' of ineffective assistance of counsel in failing to appeal his plea[.]" *Id*. Respondent seeks denial of the Petition on grounds Petitioner's ineffective assistance of counsel claim is procedurally barred. And Respondent further seeks application of the anticipatory procedural bar doctrine with respect to any claim of cause asserted by Petitioner and premised on his trial counsel's failure to appeal his guilty-plea conviction.

For the reasons set forth below, the Court finds that under controlling Tenth Circuit precedent the procedural bar applied by the Oklahoma courts is not adequate with respect to Petitioner's ineffective assistance of counsel claim. Thus, this Court must review the merits of the claim. Accordingly, no need exists to determine whether Petitioner has exhausted his claim of cause.

---

[3] The state district court found the ineffective assistance of counsel claim procedurally barred but addressed the merits in the alternative. *See* Logan County District Court Order [Doc. No. 7-5] at pp. 3-5. The OCCA, however, did not make any merits determination. Instead, the OCCA relied solely on grounds of procedural default in affirming the denial of post-conviction relief.

## III. Analysis

Under the doctrine of procedural default, federal habeas relief is generally precluded as to any claim barred in state court on grounds of an independent and adequate state procedural rule. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). A petitioner can overcome the procedural default only by demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Id*. at 724.

In *Hickman v. Spears*, 160 F.3d 1269 (10th Cir. 1998), the Tenth Circuit examined whether Oklahoma's procedural bar is independent and adequate to bar a claim of ineffective assistance of counsel raised for the first time in a post-conviction challenge to a guilty plea. As the court discussed, under Oklahoma law, the petitioner must file an application to withdraw the guilty plea within ten days of the judgment and sentence. *Id*. at 1271 (*citing* Okla. R. Crim. App. 4.2(A)). Additionally, he must file a petition for writ of certiorari within ninety days of the conviction and a failure to follow these procedures prevents further post-conviction relief "unless [the] petitioner shows a sufficient reason for the default." *Id*. at 1271-72 (citations omitted).

The Tenth Circuit recognized its "vigorous scrutiny" of the adequacy of state rules procedurally barring ineffective assistance of counsel claims "because of the unique concerns associated with them." *Id*. at 1272. The court determined that the "short time frame" to challenge a guilty plea on direct appeal under Oklahoma's procedural rules does not allow a petitioner "sufficient opportunity to discover and develop" a claim of ineffective assistance of counsel. *Id*. Therefore, the court concluded that those procedural rules constitute "inadequate grounds" for denying habeas review and require a review the merits of the claim despite the

5

petitioner's state procedural default. *Id*; *see also Ellis v. Mullin*, 56 F. App'x 858, 863 (10th Cir. 2003) (accord).[4]

Although the "unique concerns" accompanying application of the procedural default doctrine to claims of ineffective assistance is well-established in the Tenth Circuit, Respondent wholly ignores this line of precedent in raising the defense of procedural default. Additionally troublesome is Respondent's citation to *Hickman* as support for application of the procedural default doctrine to Plaintiff's ineffective assistance of counsel claim. *See* Response at pp. 4-5. Although in *Hickman* the Tenth Circuit deemed Oklahoma's procedural rules adequate to bar the petitioner's claim that his sentence was illegal, *see id*., 160 F.3d at 1272, as set forth, *Hickman* expressly held those same procedural rules were inadequate to bar an ineffective assistance of counsel claim under circumstances virtually identical to those presented here.[5]

Based on *Hickman*, the Court concludes that Oklahoma's procedural bar is inadequate with respect to Petitioner's ineffective assistance of counsel claim and the merits of the claim should be reviewed. Respondent should be directed to supplement the record and submit further briefing to address the merits.

Respondent also contends that Petitioner did not exhaust his claim of ineffective assistance of counsel as cause to overcome his procedural default, but that the claim should be

---

[4] The Tenth Circuit has held that Oklahoma's procedural rules are adequate to bar an ineffective assistance of counsel claim only where: (1) the petitioner was represented by two separate attorneys at trial and on appeal; and (2) the ineffective assistance of counsel claim can be resolved upon the trial record alone. *See English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1988). As in *Hickman* and *Ellis*, this exception does not apply here.

[5] Notably, counsel for Respondent has raised the defense of procedural default and taken this same unsupported position in other habeas corpus proceedings in this judicial district and that position has been rejected as contrary to *Hickman*. *See Hyatt v. Rudek*, No. CIV-10-1396-F, 2011 WL 3348225 at **2-3 (W.D. Okla. June 28, 2011) (R. & R.), *adopted*, 2011 WL 3419502 (W.D. Okla. Aug. 3, 2011); *see also, Beats v. Vaughn*, No. CIV-12-14-HE, 2012 WL 4758107 at *2 (W.D. Okla. Sept. 5, 2012) (R. & R.), *adopted*, 2012 WL 4760571 (W.D. Okla. Oct. 5, 2012).

denied based on the doctrine of anticipatory procedural default. A claim that counsel has provided constitutionally ineffective assistance can serve as cause for a procedural default. *Hickman*, 160 F.3d at 1272. And the doctrine of anticipatory procedural bar allows a federal habeas court to deem an unexhausted claim procedurally barred where the claim would be barred under the state's procedural rules if the petitioner returned to state court to exhaust it. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n. 7 (10th Cir. 2007). But the Court's finding that the ineffective assistance of counsel claim must be reviewed on the merits renders it unnecessary to decide whether Petitioner's "cause" claim of ineffective assistance of counsel is subject to an anticipatory procedural bar.

## RECOMMENDATION

It is recommended that Respondent's defense of procedural default as to Petitioner's claim of ineffective assistance of counsel be denied and that consideration of the merits of the claim be deferred pending supplementation of the record and further briefing. If this Report and Recommendation is adopted, the undersigned recommends a new referral for further review of Petitioner's ineffective assistance of counsel claim.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by April 15, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation, if adopted, does not dispose of all matters referred by the Chief District Judge in this matter.

ENTERED this 25th day of March, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE